# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TOWNSEND CHEMICAL, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:11-00561 |
| ) | Judge Kevin H. Sharp |
| BROCK T. SHOCKLEY, ) | Magistrate Judge E. Clifton Knowles |
| ) | |
| Defendant. ) | |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d), the following Initial Case Management Plan is adopted.

**1. Jurisdiction:**

This Court has jurisdiction over this dispute on the basis of diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332.

**2. Plaintiff's theory of the case:**

Defendant Brock T. Shockley ("Shockley") was formerly employed by Plaintiff Townsend Chemical, LLC ("Townsend Chemical") as a Sales Representative. In this capacity, Shockley was given access to much confidential and proprietary information belonging to Townsend Chemical. This included, but is not limited to, confidential customer lists and databases, sales reports, customer purchasing information, contract terms, pricing criteria, and marketing strategies and plans. Shockley also had regular access to Townsend Chemical customers, establishing relationships with them as a representative of Townsend Chemical.

Shockley agreed to and executed two agreements while employed by Townsend Chemical. The first was a Confidentiality Agreement, which was a condition of his continued

employment at Townsend Chemical.  The Confidentiality Agreement mandated that Shockley would not, post-employment, use, disclose, or disseminate any confidential, proprietary or trade secret information belonging to Townsend Chemical.  The second agreement executed by Shockley was denoted a Management Incentive Plan, which contained a restrictive covenant against unfairly competing with Townsend Chemical for a period of two (2) years after cessation of employment.  Shockley agreed to this on September 7, 2010.

In late April 2011, Shockley informed Townsend Chemical that he planned to resign his employment.  Townsend Chemical tendered to him his incentive pay pursuant to the terms of the Management Incentive Plan.  Shockley, however, returned the check and informed Townsend Chemical that he did not intend to abide by the terms of his restrictive covenant.  Subsequently, Townsend Chemical has learned that Shockley has begun employment with Crop Production Services, Inc. ("CPS"), a direct competitor of Townsend Chemical, and in the same geographic area as he formerly worked for Townsend Chemical.  Shockley has been witnessed at vendor sales meetings which are attended by Townsend Chemical customers, holding himself out as a representative of the competitor CPS.

    **3.**    **Defendant's theory of the case.**

Prior to his resignation, and during the course of his two week notice period which Plaintiff requested that he work, Shockley returned all information of Plaintiff and denies any breach of the Confidentiality Agreement.  Shockley also denies that he was provided information during his employment that was not readily or publicly available or that was otherwise a protectable interest and denies that either alleged agreement is enforceable on the basis of the alleged provision by Plaintiff of any valuable or confidential information.

Shockley also denies that the Management Incentive Plan, specifically the provisions regarding a restriction on competition, are enforceable. The Management Incentive Plan is unsupported by valid consideration, as noted above, and the provisions regarding payment of compensation to Shockley in exchange for any restrictive covenants are expressly reserved to be at the discretion of Plaintiff and are not binding obligations. The attempt to pay Shockley at the time of his resignation does not constitute valid consideration to support the making of a contract. In addition, the provisions regarding a covenant not to compete, if enforceable, are overbroad and are not properly limited in time, scope, or geography. Plaintiff's attempts to enforce the noncompetition and nonsolicitation covenants constitute an unlawful restraint of trade. Moreover, Shockley asserts that he has not engaged in unfair competition, has not used or disseminated any confidential or proprietary information belonging to Townsend Chemical, and otherwise has not engaged in any work or other activities that are unfairly competitive with Townsend Chemical or that warrant the monetary or injunctive relief sought by Plaintiff. Defendant denies that Plaintiff is entitled to any of the relief sought in the Complaint.

**4. Identification of the issues:**

Jurisdiction and venue are not in dispute. All other issues in this civil action remain unresolved.

**5. Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure.**

Not applicable.

**6. Witnesses, if known, subject to supplementation for each party.**

Brock T. Shockley, Michelle Molin, John C. Poulter.

**7. Initial Disclosures and Staging of Discovery:**

Fed. R. Civ. P. 26(a)(1) Initial Disclosures will be served no later than <u>August 22, 2011</u>. Further discovery deadlines are as follows:

Deadline for filing Motions to Amend the Pleadings:

 For Plaintiff:  <u>September 16, 2011</u>

 For Defendant: <u>October 14, 2011</u>

Completion of All Discovery: <u>March 23, 2012</u>

 (a) Written discovery: <u>March 23, 2012</u> (must be served in advance such that responses will be due by deadline)

 (b) Expert disclosure (Rule 26(a)(2)):

  For Plaintiff: <u>January 20, 2012</u>

  For Defendant: <u>February 17, 2012</u>

  Supplementation under Rule 26(e)(2):10 days after Defendant's disclosure

. (c) Deposition of Experts: March 23, 2012.

 (d) Deadline for filing discovery-<u>related Motions</u> is March 30, 2012.

**8. Dispositive Motions:** <u>April 23, 2012</u>

 Responses:  <u>30.days after</u> filing the Motion

 Replies:  <u>14.days</u> after filing the Response

**9. Other deadlines:**

 None anticipated.

**10. Subsequent case management conferences:**

 .

.

.

.

**11.    Alternate dispute resolution**

The parties have not engaged in formal alternate dispute resolution.  However, the parties will contact the Court if such alternate dispute resolution is determined to be helpful.

**12.    Trial date:**

This case is set for trial on November 13, 2012, at 9:00 a.m. before the Honorable Kevin H. Sharp. The pretrial conference is set for October 22, 2012, at 2:30 p.m.

It is so ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge